UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARNELE NELSON,<br><br>Defendant. | Case No. 2:20-CR-00195-APG-EJY<br><br>**AMENDED REPORT AND RECOMMENDATION**[1]<br><br>Re: ECF No. 28 |

Before the Court is Defendant Darnele Nelsons's Motion to Dismiss pursuant to Rule 12(b)(1). ECF No. 28. The Court has considered Defendant's Motion and the government's Response (ECF No. 37). No reply was filed.

**I.   Background**

On August 5, 2020 an indictment was filed against Defendant alleging one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1. The indictment avers that Defendant possessed a Glock 23, .40 caliber handgun and ammunition despite knowing he was a person previously convicted of a crime punishable by imprisonment exceeding one year. *Id*. at 1. Defendant's Motion argues the government cannot prove its case beyond a reasonable doubt. ECF No. 28 at 6. Defendant does not dispute that the Court will treat the facts alleged by the government in the indictment as true when considering his Motion. *Id*. at 2. Those facts are summarized here.

On June 23, 2019 Defendant was riding in the front passenger seat of a silver Nissan Altima when officers with the Las Vegas Metropolitan Police Department ("LVMPD") conducted a traffic stop. ECF No. 1 at 2-3. As one officer approached the passenger side of the Altima he saw Defendant lower his seat back, which the officer interpreted as an attempt to prevent the officer from seeing contents of the pocket on the back side of Defendant's seat. *Id*. at 3. When the officer asked Defendant to step out of the vehicle, he saw a partially full bottle of beer in the passenger door cup

---
[1] Amended to correct typographical errors.

1

holder near where Defendant was seated. *Id*. The officers detained Defendant and the driver based on possession of an open container of alcohol in a vehicle. *Id*.

During the initial search of the car, the officers found another open alcohol container and, in plain view, a firearm that "appeared to be a Glock handgun tucked part of the way in the pocket on the backside [sic] of the front passenger's seat, within arm's reach and easily accessible to" Defendant. *Id*. The officers then stopped the search and "froze the scene." *Id*. Upon running a database check, the officers learned Defendant had three prior felony convictions. *Id*. at 3-4. Thereafter, the officers obtained a warrant, searched the Altima, and "found and seized" the Glock 23 and ammunition in the gun's magazine. *Id*. at 4.

Defendant was advised of and waived his Miranda rights after which he told the officers that the gun belonged to the driver, that he did not know the gun was in the car, did not know the gun's make or model and claimed to never have seen the gun before. *Id*. When the officers asked the driver if the gun was hers, she paused and then said yes. *Id*. However, the driver was unable to provide any information about the gun such as "the make, model, serial number, type of firearm, or type of ammunition loaded in the gun." *Id*. The LVMPD forensic lab compared the Defendant's DNA swabs with swabs obtained on the gun's magazine and found "the DNA profile on the magazine was at least '819 thousand times more likely' to have originated from … [Defendant] and three unknown random contributors, than from four unknown random contributors." *Id*. at 5. Lab results comparing the DNA profile on the handgun itself were inconclusive. *Id*.

**II.   The Parties' Arguments**

Defendant moves to dismiss under Federal Rule of Criminal Procedure 12(b)(1), which states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Defendant contends that this Rule permits the Court to dismiss criminal charges pretrial if the facts are undisputed and the Court determines that the government cannot prove its case as a matter of law. ECF No. 28 at 5, *citing United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006). To this end, Defendant argues that "even viewing the evidence in the light most favorable to the prosecution, … no rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." ECF No. 28 at 6 *citing United*

*States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Relying on *Woodall v. State*, 627 P.2d 404 (Nev. 1981), cited in *U.S. v. Bernal*, 719 F.2d 1475 (9th Cir. 1985), Defendant argues that the evidence in this case is "insufficient to prove that Defendant possessed the firearm" because "Defendant was arrested in [his] … companion's car which the companion had just driven" and, therefore, "the gun might have been" hers. ECF No. 28 at 8.[2]

In response, the government argues that Rule 12(b)(1) does not permit the Court to "make a factual determination at the pretrial stage as to whether the government can prove its case beyond a reasonable doubt," but instead provides a narrow method for testing the validity of the indictment on its face. ECF No. 37 at 3; *United States v. Crabtree*, 846 F.2d 1383 at 2 (9th Cir. 1988); *United States v. White*, Case No. 2:15-CR-00029-GMN-VCF, 2015 WL 5853226 (D. Nev. Oct. 7, 2015). The government contends the basis for Defendant's motion is against the weight of the case law, which consistently holds that a Rule 12 motion to dismiss an indictment "cannot be used as a device for a summary trial of the evidence." ECF No. 37 at 3-4 *citing United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted); *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Further, the government states that even if dismissal of criminal charges is proper when undisputed facts require this result as a matter of law, the evidence in this case supports a charge for possession with respect to both the handgun and the magazine of ammunition. ECF No 37 at 5.

### III. Discussion

Federal Rule of Criminal Procedure 12(b)(1) does not empower a district court, pretrial, to evaluate the sufficiency of evidence against a defendant and make a factual determination that the evidence cannot support a finding of guilt. *Crabtree*, 846 F.2d at 2; *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A motion to dismiss the indictment cannot be used as a device for a

---

[2] Defendant relies on *Woodall v. State* claiming factual similarity and that, therefore, the Court should reach the same result as the Nevada Supreme Court; that is, dismissal because "circumstances do not resolve who placed" a gun in the vehicle, the defendant denied ownership, the other person in the car claimed ownership, and "all facts were totally consistent with the [other person's] … admission." ECF No. 28 at 7 *citing Woodall*, 627 P.2d at 402. Here, of course, the driver did not readily admit the gun was hers and she was unable to relay any details about the gun to the officers, thus casting doubt on her claim of ownership. More importantly, Defendant's reliance fails because the court in *Woodall* reversed the defendant's conviction after a jury trial finding there was insufficient evidence to sustain the conviction. *Id*. There was no trial in this case. Rather, it is the sufficiency of the indictment, pretrial, the Court must consider.

summary trial of the evidence"); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. Rebetter*, Case No. 217-CR-00228-KJD-NJK, 2021 WL 5415331, at *1 (D. Nev. Nov. 19, 2021). Instead, the proper inquiry under Rule 12 is whether the charging document "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy." *White*, 2015 WL 5853226, at *2 (citation omitted). "When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings." *Id*. at *3. Even conclusory allegations in an indictment are sufficient under Rule 12. *Id.* at *2.

Defendant mistakenly relies on *United States v. Todd*, 446 F.3d 1062 (10th Cir. 2006). The defendant in *Todd* filed a motion to suppress and a concomitant pretrial motion to dismiss an 18 U.S.C. § 922(g) firearm charge contending the government's evidence consisted only of inadmissible statements made by Todd "during a plea agreement." *Id*. at 1067. The district court denied the motion to suppress and the basis for Todd's motion to dismiss, but *sua sponte* dismissed the charge "because … Todd's statements, although admissible, were not corroborated." *Id.* In reversing the district court's dismissal, the Tenth Circuit explained "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id*. (citation omitted). The circuit court held that "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. … Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are taken as true." *Id*. (internal citations, quote marks, and brackets omitted). The dismissal of the indictment based on "insufficient factual support" was predicated on an improper inquiry. *Id*. at 1068. "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id*. (internal citations omitted).

However, the Tenth Circuit did also discuss "limited circumstances" in which the court allows for pretrial dismissal of charges may be proper. *Id.* This occurs when "the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Id*. citing *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1004). In that circumstance, the determination is made "as a matter of law[] that the government is incapable of proving its case beyond a reasonable doubt." *Id*. The Tenth Circuit made clear that "[d]ismissal in this manner is the rare exception, not the rule." *Id.* (internal quote marks omitted).

In *Hall*, the defendant offered undisputed evidence that established he "could not, as a matter of law, be charged with knowingly using or carrying a pistol during and in relation to a drug trafficking offense." *Todd*, 447 F.3d at 1068 *citing Hall*, 20 F.3d at 1088. Recognizing the "limited circumstances" that allows courts "to go beyond the allegations of the indictment and make predicate findings of fact," the Court in *Hall* stated that the authority relied upon "allows a district court to dismiss charges at the pretrial stage under the limited circumstances where" operative facts are undisputed and the government does not object to the district court's consideration of those facts when making a decision regarding submission of the case. *Hall*, 20 F.3d at 1088. The determination is one of law, not facts, and is a "scenario … not likely to recur." *Id*.

The decision in *Hall* is inapposite to the case at bar. Here, the government objects to the presentation of evidence extrinsic to the indictment. ECF No. 37 at 5. Further, the government accurately contends that even if the Court considers the facts of this case, "*Todd* admonished that "[d]ismissals under this exception are not made on the account of a lack of evidence to support the government's case, … [which is] precisely the argument that defendant now advances." *Id. citing* ECF No. 28 at 6. In fact, unlike *Hall*, the Court's review of the four corners of the charging indictment, taken as true, "are sufficient to establish a violation of the charged offense." *Todd*, 446 F.3d at 1068.

To plead a violation of 18 U.S.C. § 922(g)(1), the government must allege facts sufficient to demonstrate that the (1) defendant was a convicted felon; (2) defendant had knowledge of his convicted felon status; (3) defendant was in knowing possession of a firearm; and (4) the firearm

5

was in or affecting interstate commerce. *Rehaif v. U.S.*, -- U.S. --, 139 S. Ct. 2191 (2019); *United States v. Stout*, Case No. 315-CR-00055-MMD-CLB-2, 2020 WL 7085317, at *1 (D. Nev. Dec. 3, 2020); *United States v. Dillard*, Case No. 2:09-CR-00057-JAD-GWF, 2020 WL 2199614, at *1 (D. Nev. May 6, 2020). The indictment at issue charges Defendant with "knowing" he was a convicted felon, possession of a Glock 23, 40 caliber handgun, 40 caliber ammunition in an extended magazine, in and affecting interstate commerce because the gun was shipped and transported over state lines. ECF No. 1. The facts establish that after making a traffic stop, an officer approached the car in which Defendant was sitting in the passenger seat and saw Defendant recline the back of his seat in an attempt to obscure the back pocket of that seat. As Defendant stepped out of the car, officers saw an open of alcohol in the passenger door. Defendant and the driver were detained, and the Glock 23 was found in the pocket on the back side Defendant's seat, within his reach. Defendant was Mirandized after which he said the gun was not his, but the driver's. The driver hesitated before agreeing the gun was hers and could not tell the officers anything about the gun. However, the forensic examination established a strong probability that the gun's magazine contained Defendant's DNA. Defendant does not mention the sufficiency of the DNA evidence in his Motion.

Thus, unlike *Hall*, the government sufficiently pleads and facially supports a violation 18 U.S.C. § 922(g)(1) by Defendant. Unlike *Woodall*, this case is pretrial. Like *Todd*, the indictment charging Defendant satisfies the requirements of the criminal statute, notifies Defendant of the crime with which he was charged, and permits Defendant to know whether there is a double jeopardy defense.

### IV. Recommendation

Accordingly, and based on the foregoing, the Court hereby RECOMMENDS that Defendant Darnelle Nelson's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 28) be DENIED.

DATED this 11th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).